**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

KEITH ANDREW PATTERSON, :
: Civil Action No. 06-3711 (MLC)
        Plaintiff, :
:
        v. : **OPINION**
:
DAWN DEAN, et al., :
:
        Defendants. :

**APPEARANCES:**

    KEITH ANDREW PATTERSON, Plaintiff pro se, # 555764/293816B
    Southern State Correctional Facility, P.O. Box 150
    Delmont, New Jersey 08314

**COOPER**, District Judge

    Plaintiff, Keith Andrew Patterson, currently confined at the Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action in forma pauperis under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    The Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. The

Court concludes that the Complaint should be dismissed for failure to state a claim.

## BACKGROUND

Patterson brings this action against Mercer County Corrections Officer Dawn Dean, the Warden and Administration at the Mercer County Corrections Center ("MCCC") workhouse in Hopewell, New Jersey, and the Medical Department at the MCCC workhouse. Patterson appears to have been a pretrial detainee confined at the MCCC workhouse when the incident at issue occurred. The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Patterson alleges that, on May 8, 2006, he was assaulted by six inmates in his bunk area in C-Pod at the MCCC workhouse. During the assault, Patterson was struck in the eye with a lock in a sock, used as a weapon by another inmate, Marvin Tard. When he was struck in the eye, the other five inmates jumped him. Patterson was able to make his way to the day space in C-Pod, at which time he was approached by defendant CO Dean. CO Dean called a medical code and Patterson was taken to the Medical Department for treatment of his injuries. (Complaint, ¶ 6).

It was determined that Patterson's injuries were too severe for treatment at the MCCC workhouse, so he was taken to the Fuld Medical Center in Trenton, New Jersey. The emergency doctors there transferred plaintiff to the trauma unit at Cooper Hospital

in Camden, New Jersey.  Patterson was sedated and received eye surgery at Cooper Hospital.  Patterson was told that he would be able to keep his right eye, but not regain vision in it.  (Id.)

Patterson generally alleges that the defendants, CO Dean and the Warden and Administration at MCCC workhouse did not do their jobs to protect him from injury.  (Compl., ¶ 4b, c).  It appears that plaintiff also alleges that the MCCC Medical Department failed to provide him with the appropriate medical care.  He seeks an unspecified amount of damages.  (Compl., ¶ 7).

### STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA") requires a district court to (1) review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity, and (2) identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

---

[1] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It does not appear that plaintiff has brought any actions before this one, which were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) (complaint that satisfied notice pleading requirement that

it contain short, plain statement of claim but lacked sufficient detail to function as guide to discovery was not required to be dismissed for failure to state claim; district court should permit curative amendment before dismissing complaint, unless amendment would be futile or inequitable); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

### SECTION 1983 ACTIONS

Patterson brings this action under 42 U.S.C. § 1983 alleging violations of his rights guaranteed under the United States Constitution. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### ANALYSIS

I.  Failure-to-protect Claim

Patterson appears to allege a failure to protect claim against defendants CO Dean and the Warden and administrators at the MCCC workhouse. In a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a

5

substantial risk of harm," Farmer v. Brennan, 511 U.S. 825, 833 (1994), and the defendant prison officials knew of and disregarded the excessive risk to inmate safety. Id. at 837. "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842. But deliberate indifference is more than a mere lack of ordinary due care; it is a reckless disregard of a known risk of harm. Id. at 834.

The Court first looks to whether plaintiff has alleged facts showing that he faced a substantial risk of assault. Second, the Court must determine whether plaintiff has alleged facts from which it could be inferred that the named defendants were aware of and disregarded that risk.

The Complaint contains no allegations that the defendants were aware of any risk of attack against Patterson before it occurred. Patterson also fails to allege that defendants knew of the attack while it occurred and did nothing to stop or prevent

it.  Rather, at the first point when defendants became aware of the assault, they promptly removed him to the medial department for treatment, and then transferred him to an outside hospital.  Thus, plaintiff cannot demonstrate the requisite elements of a failure-to-protect claim to show the named defendants were aware of and disregarded a risk of harm to him.  Thus, the claim is subject to dismissal.

II.  Denial of Medical Care Claim

Plaintiff appears to assert a denial of medical care claim against the MCCC workhouse medical department, but the Complaint alleges no specific facts to support such a claim.

As it appears that Patterson was a pretrial detainee when this incident occurred, his constitutional claims are considered under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment.  See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-45 (1983) (holding Due Process Clause of Fourteenth Amendment, rather than Eighth Amendment, controls issue of whether prison officials must provide medical care to those in jail awaiting trial); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987).  But the "deliberate indifference" standard employed in Eighth Amendment cases also applies to pretrial detainees under the Fourteenth Amendment.  See Natale v.

Camden County Corr. Fac., 318 F.3d 575, 581-82 (3d Cir. 2003) ("In previous cases, we have found no reason to apply a different standard than that set forth in Estelle ... We therefore evaluate Natale's Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims under the Eighth Amendment."); Simmons v. City of Phila., 947 F.2d 1042, 1067 (3d Cir. 1991); Brown v. Bor. of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); Taylor v. Plousis, 101 F.Supp.2d 255, 262 n.3 (D.N.J. 2000).  See also Hubbard, 399 F.3d at 166 n.22.  As the Fourteenth Amendment in this context incorporates Eighth Amendment protections, the Court will apply the deliberate indifference standard of the Eighth Amendment in analyzing this denial of medical care claim.  See Simmons, 947 F.2d at 1067 (rights of detainee at least as great as those of convicted prisoner).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  To set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Estelle, 429 U.S. at 106; Natale, 318 F.3d at 582.

To satisfy the first part of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious.  "Because

society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). A serious medical need is one: (1) "that has been diagnosed by a physician as requiring treatment;" (2) "that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotes and cites omitted); see also Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second part of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that official knew of and disregarded excessive risk to health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Also, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000). Similarly,

9

"mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quote and cite omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

There is deliberate indifference when a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. See Rouse, 182 F.3d at 197. Needless suffering caused by the denial of simple medical care, which does not serve any penological purpose, also violates the Eighth Amendment. Atkinson, 316 F.3d at 266; see Monmouth County Corr. Inst. Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

10

Patterson's injuries from the assault constituted a serious medical need.  But Patterson does not allege, and the facts as stated in the Complaint do not show, that Patterson did not receive immediate or appropriate treatment.  Patterson was immediately taken to the medial department and then to the Fuld Medical Center for treatment of his injuries.  He was then transferred to the Cooper Hospital trauma unit for eye surgery.  Thus, it would appear that Patterson received prompt and appropriate medical attention soon after the attack occurred.  The medical department at MCCC workhouse did not wait to send plaintiff to an outside hospital after it became apparent that his injuries were too severe for treatment at the workhouse.

Any subjective dissatisfaction Patterson may have with his medical care does not in itself indicate deliberate indifference.  <u>Andrews</u>, 95 F. Supp.2d at 228.  Thus, plaintiff's § 1983 denial of medical care claim will be dismissed for failure to state a claim.

### CONCLUSION

The Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Court will issue an appropriate order.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

11